**Gerard Michael TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–02–00860–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 25, 2003.

---

Josh Schaffer, Randy Schaffer, Schaffer Firm, Houston, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney—Harris County, Donald W. Rogers Jr., Assistant District Attorney, William J. Delmore, III, Chief Prosecutor, Appellate Division, Houston, TX, for Appellee.

Panel consists of Justices TAFT, JENNINGS, and HANKS.

## OPINION

TIM TAFT, Justice.

Appellant, Gerard Michael Taylor, appeals the trial court's order revoking his "shock" community supervision. We decide (1) whether the district court erred in denying appellant credit on his sentence for time served in a Substance Abuse Felony Punishment Facility ("SAFPF") and (2) whether the order revoking community supervision erroneously included a fine that the trial court did not pronounce orally. We affirm.

## Background

On December 8, 1995, appellant pleaded guilty without an agreed punishment recommendation to the offense of possession of heroin with intent to deliver. The trial court deferred adjudication of guilt, placed appellant on community supervision for 10 years, and assessed a $1,000 fine. On July 10, 1998, the trial court adjudicated appellant's guilt and assessed punishment orally at 10 years in prison, but did not assess a fine orally. However, the order adjudicating guilt included a $1,000 fine.

Appellant appealed from the order adjudicating guilt, but on appellant's motion, this Court dismissed the appeal on October 7, 1999, before issuing an opinion on the merits. *See Taylor v. State*, No. 01–98–00805–CR, 1999 WL 796793 (Tex.App.-Houston [1st Dist.] Oct. 7, 1999, no pet.) (not designated for publication). The trial court docketed the date that it received mandate as November 30, 1999.

Appellant then moved for shock community supervision. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 6(a), (b) (Vernon Supp. 2003). On December 1, 1999, the trial court heard and granted appellant's motion, placing him on community supervision for 10 years. No reporter's record was made of that hearing; the record contains no community-supervision order; the docket sheet noted merely, "Court granted defense motion for shock probation and placed Defendant on probation for 10 years"; and the later revocation order was ambiguous about this aspect of the community-supervision order. It is thus unclear whether the $1,000 fine assessed upon adjudication of guilt was suspended or whether its payment was made a condition of appellant's shock community supervision.

We do know at least some matters concerning the granting of appellant's community supervision, however. For example, one of the conditions was that appellant be placed in an SAFPF. Appellant successfully completed and was released from the SAFPF program on August 22, 2000.

On May 22, 2002, the State moved to revoke appellant's community supervision for his having committed another narcotics offense, among other things. On July 30, 2002, appellant pled true to the narcotics-offense violation. The trial court revoked appellant's community supervision and verbally assessed appellant's punishment at nine years in prison, without mentioning a fine. However, a $1,000 fine was noted in the Court's docket sheet for the revocation hearing, and the order revoking community supervision included a $1,000 fine as punishment. The trial court credited

appellant for time spent in prison, but overruled appellant's objection to the court's decision not to grant credit for time that appellant had spent in the SAFPF.

### Credit for Time Spent in the SAFPF

In his first issue, appellant claims that the trial court erred in failing to give him credit for time served in the SAFPF.

A trial court must give a criminal defendant credit on his sentence "for the time that the defendant has spent *in jail* in said cause, other than served as a condition of community supervision...." TEX.CODE CRIM. PROC. ANN. art. 42.03, § 2(a) (Vernon Supp.2003) (emphasis added). Appellant was credited on his sentence with time spent in jail; however, he argues that he should also have been credited for time spent in the SAFPF because the facility is like a jail, in that it is operated by TDCJ. *See* TEX. GOV'T CODE ANN. § 493.009(a)-(g) (Vernon 1998).

■ An SAFPF is not a jail, nor is it treated like one for purposes of the Code of Criminal Procedure's provisions concerning credit for time served. For this reason, one of our sister courts of appeals has held, albeit in an unpublished opinion, that a defendant could not obtain credit for time served in an SAFPF as a condition of community supervision. *See Garcia v. State*, 2002 WL 1421539 at *1 (Tex.App.-Amarillo June 28, 2002, no pet.) (not designated for publication). Additionally, we note that, even if appellant were correct that an SAFPF is the equivalent of a jail

for purposes of article 42.03, section 2(a), the trial court would not have been required to give credit for time spent there: giving credit for time in confinement is not precluded, but is also not required, by article 42.03, section 2(a) if the confinement was a condition of community supervision, as it would have been here. *See Ex Parte Quinby*, 928 S.W.2d 565, 566 (Tex. Crim.App.1996) (holding that "[Code of Criminal Procedure] [a]rticle 42.03, § 2(a) *requires* a trial court to give credit for jail time which is not a condition of community supervision, but does not itself *preclude* credit for confinement as a condition of community supervision, although other statutes do preclude such credit under some situations.") (citations omitted).

■ Additionally, the Code of Criminal Procedure provides that, when a defendant's community supervision is revoked, no part of the time that the defendant was on community supervision may be considered as any part of the time that he is sentenced to serve. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 23(b) (Vernon Supp. 2003). The Code provides for mandatory and discretionary exceptions to article 42.12, section 23(b)'s prohibition,[1] but an SAFPF does not fit within those exceptions. Indeed, the Legislature's having carved out an exception to article 42.12, section 23(b)'s prohibition for time spent in a state-jail-felony facility, but not for time spent in an SAFPF, shows the Legislature's intent not to allow credit for time served in the latter facility.[2] *Compare*

---

1. For example, after a trial court revokes a defendant's community supervision, the court must give the defendant credit for time spent after sentencing in a state-jail-felony facility as a condition of community supervision. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 15(d), (h)(3) (Vernon Supp.2003). Also, a trial court may give a defendant credit on his sentence for time spent in jail as a condition of community supervision. *See* TEX.CODE CRIM. PROC.

ANN. art. 42.03, § 2(a) (Vernon Supp.2003); *Ex Parte Quinby*, 928 S.W.2d 565, 566 (Tex. Crim.App.1996).

2. Appellant argues that the opposite intent is shown by the Legislature's including an exception allowing credit for time spent in a state-jail-felony facility. He claims that the Legislature could not have meant to treat time spent in an SAFPF differently from time

TEX.CODE CRIM. PROC. ANN. art. 42.12, § 15(d), (h)(3) (Vernon Supp.2003) (providing for mandatory credit for time spent after sentencing in a state-jail-felony facility as condition of community supervision) *with* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 14 (Vernon Supp.2003) (allowing term in SAFPF to be community-supervision requirement, but not mentioning credit for time spent in SAFPF) *and* TEX. GOV'T CODE ANN. § 493.009 (Vernon 1998) (concerning SAFPF; not mentioning credit for time spent in SAFPF). Accordingly, at least two of our sister courts of appeals, again in unpublished opinions, have relied on article 42.12, section 23(b) in concluding that a defendant is not entitled to credit for time spent at an SAFPF. *See Sims v. State*, 2000 WL 225629 at *2 (Tex.App.-Dallas Feb. 29, 2000, no pet.) (not designated for publication) (holding same under predecessor to current article 42.12, section 23(b)); *see also Bush v. State*, 2000 WL 1672065 at *5 (Tex.App.-Texarkana Nov.8, 2000, no pet.) (not designated for publication) (noting same in dicta when holding that statutory denial of credit for time served in SAFPF did not violate Equal Protection Clause or statute governing plea proceedings); *Norris v. State*, 2000 WL 1062658 at *2 n. 4 (Tex.App.-Texarkana Aug.4, 2000, no pet.) (not designated for publication) (implying same).

Appellant nonetheless responds that the Legislature intended "by inference" to allow sentencing credit for time served in an SAFPF because Government Code section 493.009, which governs SAFPFs, expressly excludes the award of good-conduct time while at an SAFPF, but is silent on sentencing credit for time spent there:

The [TDCJ] shall establish a graded system of rewards and sanctions for defendants who participate in the [SAFPF] program, but a defendant required to participate in the program under Section 14, Article 42.12, Code of Criminal Procedure,[3] is not entitled to earn awards of time for good conduct.

TEX. GOV'T CODE ANN. § 493.009(d) (Vernon 1998). That provision does not do what appellant claims. The quoted sentence concerns developing a system of rewards and sanctions for SAFPF participants; the mention of awards for good-conduct time (a potential "reward" because tied to the participant's behavior), but not of flat credit for time served (not a "reward" because not tied to the participant's behavior), thus has no significance. More importantly, however, the omission of any mention of credit for time served merely leaves intact the general rule that, upon revocation, no

spent in a state-jail-felony facility because treating time spent in the two facilities differently has "no rational basis" and is "fundamentally unfair." We initially note that, despite his use of language like "rational basis" and "fundamentally unfair," appellant is making a statutory-construction argument, not a constitutional challenge, to the ruling denying credit for time spent in the SAFPF. We disagree with appellant that no rational basis exists for the Legislature's treating time spent in the two facilities differently. *Cf. Bush v. State*, 2000 WL 1672065 at *5 (Tex.App.-Texarkana Nov.8, 2000, no pet.) (not designated for publication) (in overruling appellant's equal-protection challenge to denial of credit for time served in SAFPF, holding

that rational basis existed to treat credit for time spent in SAFPF differently from credit for time spent in state-jail-felony facility). Accordingly, we construe the Legislature's expressly providing for credit for time spent in state-jail-felony facilities, but its omitting any mention of credit for time spent in SAFPFs, as showing its intent to deny credit in the latter situation.

3. The trial court placed appellant in the SAFPF as a condition of his community supervision pursuant to article 42.12, section 14(a). *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 14(a) (Vernon Supp.2003).

part of the time that the defendant was on community supervision may be considered as part of the time of his sentence. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 23(b).

We overrule appellant's first issue.

### Imposition of $1,000 Fine

In his second issue, appellant argues that the order revoking his community supervision erroneously included a $1,000 fine that the trial court did not pronounce orally.

The court must generally pronounce a defendant's sentence in the defendant's presence. TEX.CRIM. PROC.CODE ANN. art. 42.03, § 1(a) (Vernon Supp.2003). Therefore, "when there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls." *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim.App.1998). Appellant claims that his fine must be struck because (1) the trial court did not impose a fine orally when it adjudicated his guilt, (2) the trial court thus could not include a fine in the judgment adjudicating guilt, (3) the trial court never subsequently imposed a fine as punishment, and (4) there was thus no oral pronouncement of a fine to support the fine assessed in the written revocation order.

The State concedes that the trial court erred in including the $1,000 fine in the judgment adjudicating guilt. *See Coffey*, 979 S.W.2d at 328. Nevertheless, the State claims that appellant's position is without merit because (1) appellant voluntarily dismissed his appeal from the adjudication judgment; (2) the adjudication judgment, and the fine that it assessed, became final; and (3) the trial court thus had discretion to include the fine from the adjudication judgment in the order revoking community supervision, even without

again assessing the fine orally. Thus, the State construes appellant's challenge as an impermissible collateral attack on the judgment adjudicating his guilt.

■ The judgment adjudicating guilt—along with its improper, but unattacked, fine—became final when appellant dismissed his appeal from that judgment. When imprisonment and a fine are imposed in the underlying judgment, and the order imposing community supervision does not suspend the fine, the order revoking community supervision may include the remaining amount of the fine as punishment even if the trial court does not again mention the fine verbally at the revocation hearing. *See id.* at 328; *see also* GEORGE E. DIX & ROBERT O. DAWSON, 42 TEXAS PRACTICE—CRIMINAL PRACTICE & PROCEDURE, § 40.113 at 155 (2d ed.2001) [hereinafter "DIX & DAWSON"]. This result ensues because, when a court grants shock community supervision under article 42.12, section six, the sentence has already been imposed and partially served, and the court is merely suspending further execution of the sentence. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 6(a) (Vernon Supp. 2003); *Amado v. State*, 983 S.W.2d 330, 331–32 (Tex.App.-Houston [1st Dist.] 1998, pet. ref'd). Therefore, revocation of shock community supervision simply reinstates the execution of the previously imposed sentence. *Amado*, 983 S.W.2d at 332. Upon revocation, the trial court may impose a sentence (1) as long as, but not longer than, the punishment previously assessed and (2) no shorter than the minimum statutory punishment for the offense. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 23(a) (Vernon Supp.2003); *Amado*, 983 S.W.2d at 332; *see also* DIX & DAWSON, § 40.113 at 154–55. Moreover, if a fine was included in the underlying judgment, but was never suspended, then the revocation order may logically carry forward the

fine as punishment without further verbal mention. *see* DIX & DAWSON, § 40.113 at 155.

 Here, the adjudication judgment included the fine. We cannot tell from the record whether the shock community-supervision order suspended the fine. The trial court simply carried the fine forward into the revocation order. Nothing shows that this was error. To the extent that appellant may be complaining that no oral pronouncement of the fine preceded the written judgment adjudicating guilt,[4] that complaint had to be made in an appeal from the adjudication judgment and cannot be made in a later appeal from an order revoking shock community supervision.[5] *See Manuel v. State,* 994 S.W.2d 658, 661 (Tex.Crim.App.1999); *Whetstone v. State,* 786 S.W.2d 361, 363 (Tex.Crim.App.1990), *overruled on other grounds by Gollihar v. State,* 46 S.W.3d 243 (Tex.Crim.App.2001).

Accordingly, we overrule appellant's second issue.

## Conclusion

We affirm the order of the trial court.

---

4. In his reply brief, appellant claims that he is not collaterally attacking the fine assessed in the adjudication judgment. However, his opening brief states, "The court did not orally pronounce a fine when it adjudicated guilt, but the Order Revoking Community Supervision included a fine."

5. We distinguish *Abron v. State,* which appellant cites, for two reasons. *See id.,* 997 S.W.2d 281 (Tex.App.-Dallas 1998, pet. ref'd). First, Abron attacked the judgment adjudicating guilt in a direct appeal, rather than waiting until after community-supervision revocation. *See id.* at 281. Second, in *Abron,* the order imposing deferred-adjudication community supervision imposed a fine; when guilt was adjudicated, the fine was not orally pronounced, but was nonetheless included in the judgment adjudicating guilt. *See id.* The court held that, because no punishment had yet been assessed when adjudication was deferred, and because the judgment adjudicating guilt necessarily set aside the order of deferred-adjudication community supervision, the trial court had to impose the fine orally when adjudicating guilt. *See id.* at 282. That situation differs materially from the one before us, in which community supervision is revoked *after* punishment's imposition.