Opinion Issued November 10, 2004 













In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00737-CR




BILLY JOE BURD, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 23rd District Court
Brazoria County, TexasTrial Court Cause No. 42896




MEMORANDUM OPINION

          A jury convicted appellant, Billy Joe Burd, of indecency with a child. The trial
court found that appellant had twice before received deferred adjudication for
indecency with a child and assessed punishment at 17 years in prison. We address
whether the evidence is factually sufficient to sustain the verdict and whether it was
harmful for the trial court to admit bolstering testimony improperly. We affirm.
Background
          Appellant was convicted of indecency with a child by contact by
inappropriately touching 15-year-old A.G. A.G. and her sisters, L.G. and S.G., met
appellant at his place of work. Appellant hired A.G. and her sisters to clean his store
and trailer. Sometime later, L.G. and A.G. moved in with appellant. While A.G. was
living with appellant, appellant touched A.G.’s breast and genital regions. A.G. was
deceased at the time of trial, and the State relied on L.G. to prove that the offense had
occurred. L.G. was mentally handicapped, but at a hearing by the trial court, was
deemed competent to testify at trial. 
Factual Sufficiency
          In his first point of error, appellant contends that the evidence is factually
insufficient to convict him of indecency with a child. See Tex. Pen. Code Ann. §
21.11 (Vernon 2003). Specifically, appellant asserts that the testimony of L.G. is so
confusing and contradictory that it lacks probative value. 
          In reviewing a factual-sufficiency challenge, we ask “whether a neutral review
of all the evidence, both for and against the finding, demonstrates that the proof of
guilt is so obviously weak as to undermine confidence in the jury’s determination, or
the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary
proof.” Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). The factual-sufficiency standard “acknowledges that evidence of guilt can ‘preponderate’ in favor
of conviction but still be insufficient to prove the elements of the crime beyond a
reasonable doubt.” Zuniga v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004). The
appellate court should not substitute its own judgment for that of the fact finder. 
Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996). The fact finder is
entitled to believe all, some, or none of any witness’s testimony. Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986). Appellant contends that L.G. contradicted herself on every fact surrounding the
two incidents that she described, including how many incidents had occurred. 
Appellant contends that L.G.’s testimony lacked probative value and, thus, that it was
manifestly unjust for a jury to find appellant guilty based on this testimony.The State concedes that L.G.’s testimony contains inconsistencies, but only
insofar as they relate to placing events in the context of time. The State asserts that,
although L.G. admitted that she was confused about times and dates, her testimony
did not reflect that she was confused about appellant’s actions. Additionally, the
State contends that it presented other testimony to confirm appellant’s actions. 
Specifically, the State relies on the testimony of appellant’s friend, Jose Uresti, to
confirm that appellant had touched A.G. inappropriately. Uresti testified that
appellant had admitted to him that he had touched A.G.’s breasts and genitals.           The jury as fact finder is the sole judge of the weight and credibility of witness
testimony. Johnson, 23 S.W.3d at 7. L.G.’s testimony, conflicting and otherwise,
was for the jury to assess. See Id. It is well settled that, as the exclusive judge of the
facts, credibility of witnesses, and the weight to be given their testimony, the jury may
believe or disbelieve all or any part of a witness’s testimony. See Jones v. State, 984
S.W.2d 254, 257 (Tex. Crim. App. 1998). L.G. testified that she saw appellant
touching A.G. on the breast and genital regions. Thus, the jury could reasonably have
believed that L.G.’s inconsistencies in describing the times or number of events did
not negate her having witnessed the offense. Also, L.G. testified twice that she was
not confused about what appellant’s actions had been. More importantly, Uresti
testified that appellant told him that he had touched A.G.’s breasts and genitals. We
may not substitute our own judgment for that of the jury. See Clewis v. State, 922
S.W.2d 126, 135 (Tex. Crim. App. 1996); see also Grimes v. State, 135 S.W.3d 803
(Tex. App.—Houston [1st Dist.] 2004, no pet.) (finding that evidence was factually
sufficient to support appellant’s three convictions of indecency with child and
aggravated sexual assault even when complainant’s testimony was inconsistent as to
whether sexual penetration had actually occurred). Accordingly, after a neutral
review of the evidence, we hold that the proof of guilt is not so obviously weak as to
undermine confidence in the jury’s determination, nor is it greatly outweighed by
contrary proof. 
          We overrule appellant’s first point of error. Bolstering
          In his second point of error, appellant contends that the trial court erred by
admitting the testimony of Curt Bovenzi because his testimony constituted improper
bolstering and because the testimony’s probative value was outweighed by the danger
of unfair prejudice. 
          L.G. testified that appellant stated that he had “had no pussy for three months”
when Bovenzi moved her and her sister out of appellant’s trailer, shortly after she had
discovered appellant’s improperly touching her sister. Bovenzi later testified that he
had also heard appellant shout out the same statement. Appellant contends that
Bovenzi’s testimony regarding appellant’s statement was improper bolstering of
L.G.’s testimony. Even if the trial court erred, we would have to determine whether
the error was harmless or whether appellant’s substantial rights were affected. See
Tex. R. App. P. 44.2(b); Deleon v. State, 126 S.W.3d 201, 216 (Tex. App.—Houston
[1st Dist.] 2003, no pet.). A substantial right is affected when the error has a
substantial and injurious effect or influence in determining the jury’s verdict. King
v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). 
          The primary danger of appellant’s substantial rights being affected was during
the guilt stage before a jury because the trial court, which decided punishment, would
not have been susceptible to being inflamed as a jury would have been. Regarding
the determination of appellant’s guilt, the jury had before it Uresti’s testimony that
appellant admitted to him that he had touched A.G.’s breasts and genitals. Given
appellant’s admission to Uresti, we simply cannot conclude that Bovenzi’s testimony
regarding appellant’s statement, even if improperly admitted, affected appellant’s
substantial rights. See Washington v. State, 771 S.W.2d 537, 545-46 (Tex. Crim.
App. 1989) (acknowledging that, although testimony was improper bolstering, it was
harmless in light of the additional evidence of appellant’s guilt). 
          We overrule appellant’s second point of error. Conclusion
          We affirm the judgment of the trial court. 



                                                                       Tim Taft 
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).