Opinion issued November 17, 2011.

 

 



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-10-00561-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



CHRISTOPHER ALAN LEVINGSTON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 163rd District Court

Orange County, Texas

Trial Court Cause No. B-070701-R

 

 



MEMORANDUM OPINION

          Christopher
Alan Levingston pleaded guilty to the felony offense
of aggravated assault causing serious bodily injury.  Tex. Penal Code Ann. § 22.02
(West 2011).  The
trial court deferred a finding of guilt and assessed punishment of six years’
deferred adjudication community supervision. 
The State subsequently moved to adjudicate guilt.  After finding that Levingston
had violated the terms of his community supervision, the trial court granted
the State’s motion and assessed Levingston’s
punishment at twelve years’ confinement, allowing credit for time
served.  On appeal, Levingston
contends the trial court erred (1) in assessing a fine and ordering court costs
in its written final judgment and (2) in failing to credit him for time served
in the Orange County Jail between January 17, 2008 and March 31, 2008.  

          The
State concedes error in Levingston’s first
issue.  Accordingly, we modify the
judgment to exclude the fine and the court costs awarded against Levingston.  We hold
that the trial court did not err in failing to credit Levingston
for time served between January 2008 and March 2008, because the record does
not establish that Levingston was in custody during
that time frame.  We affirm the judgment
as modified.  

Background

In November 2007, the State indicted Levingston for aggravated assault. Levingston
entered a guilty plea, but the trial court deferred adjudication of guilt.  Before sentencing, but after entering his
guilty plea, Levingston was incarcerated in the
Orange County Jail, from October 2007 to January 2008.  The Orange County Sheriff’s records reflect
that the Sheriff’s Department released Levingston on
January 17, 2008. 

In April 2010, the State moved to
adjudicate guilt, alleging that Levingston had
violated the terms of his probation.  Levingston pleaded true to several violations, including
failing to report to his probation officer on at least three
occasions, possessing and consuming alcohol, and failing to provide his
probation officer with his prescription medicine containers.  The Sheriff’s Department re‑arrested Levingston upon the State’s filing of the motion to
adjudicate.  

After a hearing, the trial court
revoked Levingston’s community supervision and sentenced
him to twelve years’ confinement, applying credit for the time Levingston served while awaiting sentencing in 2008 and
pending the adjudication of the State’s motion to revoke his community
supervision in 2011.  The trial court did
not assess a fine orally. 
However, the final judgment adjudicating guilt included a fine and
ordered Levingston to pay court costs.  

Discussion

Levingston raises two issues on appeal.  First, Levingston
contends that the trial court erred in assessing a fine and ordering him to pay
court costs in its final written judgment. 
Second, Levingston claims that the trial court
erred in failing to credit for time that he alleges he served in the Orange
County Jail from January 2008 through March 2008.

Court Costs and Fine     

A trial court must pronounce a
defendant’s sentence orally in the defendant’s presence. Tex. Code Crim. Proc. Ann. art. 42.03,
§ 1(a) (West 2011); Taylor v. State, 131 S.W.3d 497, 500 (Tex. Crim. App.
2004).  If variation exists between
the oral pronouncement of sentence and the written judgment, the oral
pronouncement controls.  Thompson v. State, 108 S.W.3d 287, 290 (Tex. Crim. App.
2003); Coffey v. State, 979 S.W.2d 326,
328 (Tex. Crim. App. 1998) (en banc). 
Due process prohibits the trial court from orally pronouncing a sentence
and then later, without notice or hearing, signing a written judgment
imposing a harsher sentence.  Ex parte Madding, 70 S.W.3d 131, 136–37 (Tex. Crim.
App. 2002). 
Nonetheless, the Court of Criminal Appeals has held that, because
court costs are not punitive in nature, a trial court may charge court costs
against a defendant in the court’s written judgment even when the court’s oral
pronouncement does not include an assessment of costs.  Weir v. State, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009).  

          The
State in this case, however, concedes error with respect to both the fine and
the costs, and requests that we reform the judgment to delete both.  Accordingly, we modify the judgment to delete
the imposition of the fine and the court costs.

Credit for Time Served 

          A
trial court must credit a criminal defendant for the time that the defendant
has spent in jail for the case excluding time served as a condition of
community supervision.  Tex. Code Crim. Proc. Ann. art. 42.03,
§ 2(a) (West Supp. 2011). 
When a trial court revokes a criminal defendant’s community supervision
and imposes guilt for the underlying offense, no part of the time that the
defendant was on community supervision may be considered as any part of the
time that he is sentenced to serve.  Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b)
(West Supp. 2011); see Taylor v. State, 126
S.W.3d 201, 204 (Tex. App.—Houston [1st Dist.] 2003, no pet.).  Levingston contends
the trial court erred in not crediting him for time served in the Orange County
Jail from January 17, 2008 to March 31, 2008.  

The record, however, does not show
that Levingston was in custody during that time.  Rather, the record indicates that Levingston was in custody from October 2007 through January
2008.  In January 2008, Levingston was released from the Orange County Jail on
deferred adjudication; he did not return until April 2008 when he reported to
serve 180 days in compliance with the terms of his community supervision. Levington’s probation agreement required him to serve 180
days in the Orange County Jail beginning April 1, 2008.  Levingston reported
to the Orange County Jail on April 1, 2008 and was released early on August 4,
2008.  Because the record does not show
that Levingston was in custody between January 2008
and March 2008, we hold that he is not entitled to credit for any time served between
those dates. Tex. Code
Crim. Proc. Ann. art. 42.12, § 23(b).   

 

 




Conclusion

          The State concedes that the written
judgment does not comport with the trial court’s oral pronouncement and
requests that we reform the written judgment to delete the assessment of court
costs and fines.  We therefore modify the
trial court’s judgment to delete the $480 fine and the $1,680 in court costs.  Because the record does not show that Levingston was in custody during the relevant time frame,
we reject Levingston’s contention that he is entitled
to more credit for time served.  We
modify the trial court judgment to delete court costs and fines, and affirm the
judgment of the trial court as modified. 


 

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Bland and Huddle.

Do not publish.  Tex. R. App. P. 47.2(b).