**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00262-CR**
**NO. 09-18-00263-CR**
**NO. 09-18-00264-CR**

_____

**AUSTIN EDWARD DAVIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 16-25965, 16-25966, 16-25967**

**MEMORANDUM OPINION**

Austin Edward Davis appeals the trial court's revocation of his community

supervision following his guilty plea and placement on shock probation.[1] The State

_____

[1] Before the expiration of 180 days, the trial court may suspend further execution of a defendant's sentence and place him on community supervision. *See* Tex. Code of Crim. Proc. Ann. § 42A.202 (West 2018) This is typically referred to as "shock probation." *See State v. Dunbar*, 297 S.W.3d 777, 780–81 (Tex. Crim. App. 2009).

1

indicted Davis in three separate causes for burglary of a habitation, a second-degree felony. *See* Tex. Penal Code Ann. § 30.02(a)(1), (c)(2) (West 2019). Davis pled guilty to each count, and pursuant to the plea bargain agreement, the trial court sentenced him to ten years of incarceration in the Institutional Division of the Texas Department of Criminal Justice in each case with the sentences to run concurrently. Davis filed motions for shock probation in all three causes, which the trial court granted and placed him on community supervision.

Following multiple violations, the State moved to revoke Davis's community supervision. At the hearing on the motions to revoke, Davis pled "true" to several violations, including: (1) repeated failed drug tests; (2) drug use; (3) failing to report; and (4) failing to complete a drug intervention program.[2] The trial court revoked Davis's probation in trial cause number 16-25965 and ordered that he serve an eight-year prison term. The trial court held the motions to revoke in cause numbers 16-25966 and 16-25967 in abeyance. In a subsequent hearing on Davis's motion for new trial, the trial court explained on the record that the ten-year community supervision sentences would continue to run concurrently during Davis's incarceration, and he would not be punished for violating the terms while

---

[2] While the State alleged in the motions to revoke that Davis failed to pay fees, he did not plead true to those allegations nor did the trial court list that ground as a basis for revoking its community-supervision order in cause number 16-25965.

2

incarcerated. The trial court modified the terms of the community-supervision orders in those cause numbers and ordered Davis to complete a drug treatment program upon his being released from prison. Davis and his counsel attended the hearing on the motion to revoke. In the hearing, the court pronounced,

> COURT: Anything else? I'm ready. Here's what I'm going to do. I'm going to find there is sufficient evidence supporting these motions to revoke probation to grant them by a preponderance of the evidence or greater as Allegations 1 through 8 are proven true beyond a reasonable doubt in each of these motions to revoke probation in each of these three cases.
>
> In 25965, your probation is revoked. You are hereby sentenced to confinement in the Institutional Division of the Texas Department of Criminal Justice to serve a term of 8 years. And you're going to be given credit - - looks like 380 days is what we unofficially show.
>
> The other two, what I'm going to do is hold them in abeyance because he's not going to get the kind of help that's necessary in prison for some of his problems and we're going to put you back - - you're going to continue your probation when you get out of this confinement on these two and we're going to do some kind of court-ordered substance abuse. What do you think would be the right thing from the probation office?
> . . .
> COURT: Okay. Well, we'll see. We'll do that. So, you're going to go serve this 8-year sentence. When you are released, you will be back on probation; and we'll pick up probation where we left off on these other two cases. I don't want to see you back again on a motion to revoke probation, okay? Do you understand?

At the hearing on the motion for new trial, the trial court explained the following:

> COURT: Similarly allege that they were sentenced together to run concurrently for any accumulation order - - the Court didn't accumulate

3

anything. The Court is continuing to run these sentences concurrently. He's on probation - - his probation is running on 25966 and 25967 as we speak even though he's incarcerated. It's not held in abeyance. The motion to revoke probation is held in abeyance. His sentence continues so that when the parole authorities decide to release him with 8 years, he will be picking up whatever is left remaining on the time of his probation term.

The Court did that, fashioned that, like it's done in other cases where the Court feels as though some of these problems that he's facing that resulted in his probation revocation are not addressed effectively in the prison system. It gives the probation office some time to assist him to whatever his problems are and if he fails those, then he could be revoked and sentenced and I would presume that is when the motion for new trial or motion in arrest of judgment would be timely. But right now, all of these are running concurrently just like they've always been.

COUNSEL: Okay.

COURT: He's not - - when we say held in abeyance, the motions are held in abeyance, not his sentence is held in abeyance, the motions. He is technically on probation still even though he's in prison. He's not going to be revoked because he's unable to follow the terms for those reasons. When he gets out, hopefully, we can help him address whatever problems that might not have been addressed in prison.

Meanwhile, he has on these two, 25966 and 25967, he has been on probation and continues on probation since January 9th, 2017; and each day is a day toward completion of that. Those aren't being held in abeyance and stacked. They are concurrent. Maybe the confusion is when we say held in abeyance, it's the motions are held in abeyance, not his sentences. The motions are held in abeyance so that when he gets out, let's say he did the flat 8 years, when he gets out in 8 years, he'd have, I guess, 1 year or less left of probation.

Davis appealed the revocation and the two orders modifying the terms of his

community supervision. In four issues, Davis contends: (1) the trial court erred by

partially cumulating or "stacking" his sentences, which had been previously imposed and executed as concurrent, causing an increase in his punishment for the convictions; (2) the trial court's revocation ruling violated his plea bargain agreement with the State; (3) the trial court imposed greater punishment in the form of fees and duplicate costs upon Davis in cause no. 16-25965 than what was originally imposed and executed; and, (4) the trial court failed to properly credit against Davis's sentences the entire jail time credits owed to him for the time that he was confined under these convictions. We affirm the trial court's judgment revoking Davis's shock probation in cause number 16-25965. We dismiss Davis's appeals in cause numbers 16-25966 and 16-25967 for want of jurisdiction.[3]

## Standard of Review and Law

We review a probation revocation for an abuse of discretion. *See Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984); *Beaty v. State*, 49 S.W.3d 606, 607 (Tex. App.—Beaumont 2001, pet. ref'd) (citing *Kaylor v. State*, 9 S.W.3d 205, 206 (Tex. App.—San Antonio 1999, no pet.)). "The State must prove by a preponderance of the evidence that a defendant violated the terms of his probation." *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *see also Leonard v.*

---

[3] The arguments Davis raises on appeal are identical in each cause, and although we dismiss the appeals in trial cause numbers 16-25966 and 16-25967, we address the merits of the appeal in cause number 16-25965.

*State*, 385 S.W.3d 570, 587 (Tex. Crim. App. 2012). "[A defendant's] plea of true, standing alone, is sufficient to support the revocation of probation." *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *see also Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979).

## Analysis

### A. Jurisdiction

Jurisdiction cannot be ignored by a court; it is fundamental and impacts the power of the court to hear and determine a case. *State v. Riewe*, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000). Appellate courts have the power to address the threshold issue of their jurisdiction *sua sponte*. *See State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996), *overruled on other grounds by State v. Medrano*, 67 S.W.3d 892 (Tex. Crim. App. 2002). If we lack jurisdiction, we only have power to dismiss the appeal for want of jurisdiction. *In re Garcia*, 363 S.W.3d 819, 821 (Tex. App.—Austin 2012, no pet.) (orig. proceeding) (citation omitted)

"The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). An order modifying the terms of community supervision is not an appealable order. *See Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); *see also Christopher v. State*, 7 S.W.3d 224,

6

225 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) (citations omitted). Because the orders in trial cause numbers 16-25966 and 16-25967 simply modified the terms of Davis's community supervision, they are not appealable, and we lack jurisdiction to address the merits. Therefore, we dismiss the appeals in those cause numbers.

**B. Issue One: Stacked Sentences**

In his first issue, Davis contends the trial court impermissibly stacked his sentences; however, neither the record from the revocation hearing nor the trial court's orders support Davis's argument. The offense of burglary of a habitation is a second-degree felony, carrying with it a punishment range of two to twenty years. *See* Tex. Penal Code Ann. §§ 12.33 (West 2019), 30.02(a)(1), (c)(2). At the hearing on the motion to revoke, the trial court explained it sentenced Davis to serve eight years of confinement, and credited Davis for 380 days of time served. The trial court then explained the other two motions would be held in abeyance, Davis would continue his probation, and upon his release from confinement, as a condition of his continued probation, he would receive substance abuse treatment.

We presume the regularity of the proceedings and documents in the lower court, including the judgment. *See McCloud v. State*, 527 S.W.2d 885, 887 (Tex. Crim. App. 1975) (citation omitted). "The presumption of regularity created by recitals in the judgment can be overcome only when the record otherwise

7

affirmatively reflects that error occurred." *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (citations omitted). The judgment revoking Davis's community supervision indicated the trial court sentenced him to eight years of confinement, and the sentence would run concurrently. This was consistent with the trial judge's pronouncement at the hearing on the motion to revoke and statements made during the hearing on the motion for new trial. The orders amending the terms of community supervision in the other two cause numbers required Davis to complete the Jefferson County Drug Intervention (JCDI) Program upon his release from prison in cause number 16-25965.[4] This also is consistent with the judge's pronouncement.

Thereafter, new counsel filed identical motions for new trial in all three cause numbers complaining about alleged violations of the Double Jeopardy Clause, the assessment of fees, matters not heard and orally pronounced, and jail time credit. In the motion for new trial, Davis asserted the trial court wrongly attempted to cumulate

---

[4] The trial court mentioned in the hearing on the motion to revoke that the defendant "was looking at thirty years imprisonment[,]" which was true, given the fact that Davis received ten years on each count; however, the trial court never pronounced that Davis's three ten-year sentences would run consecutively. Rather, the judgment noted the sentences ran concurrently, and in a subsequent hearing on a motion for new trial, the trial court clearly explained that. The record here does not "affirmatively reflect[ ] that error occurred." *See Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (citations omitted).

the sentences when it revoked his community supervision. He further complained about his absence at an administrative hearing regarding his community supervision preceding the hearing on the motion to revoke and argued that he had a due process right to have all matters heard and orally pronounced in open court.

A court may stack a sentence if a defendant has not served a portion of the sentence. *See Pettigrew v. State*, 48 S.W.3d 769, 771–73 (Tex. Crim. App. 2001). However, if the defendant has served a portion of the sentence before it is suspended or probated, then a court's decision to stack in that circumstance is improper and it may not enter a cumulation order. *Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004). A defendant on shock probation has already served a portion of his sentence before a trial court placed him on community supervision, so stacking is prohibited. *See O'Hara v. State*, 626 S.W.2d 32, 35. "[R]evocation of shock community supervision simply reinstates the execution of the previously imposed sentence." *Taylor v. State*, 126 S.W.3d 201, 206 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (citation omitted). "Upon revocation, the trial court may impose a sentence (1) as long as, but not longer than, the punishment previously assessed and (2) no shorter than the minimum statutory punishment for the offense." *Id.* (citations omitted). Davis concedes in his brief that the eight-year sentence in trial cause 16-25965 is not duplicative and not greater than the original sentence imposed. Based

9

on the foregoing, Davis's assertion that the trial court impermissibly stacked his sentences is unsupported by the record in this case. We determine the record clearly establishes that the trial court did not impermissibly stack Davis's sentences when it revoked his probation, and the sentences continued to run concurrently.[5] We overrule issue one.

## C. Issue Two: Violation of Plea Agreement

Davis asserts in his second issue that the trial court's revocation ruling violated his plea agreement with the State. We disagree. The parties agreed to a term of ten years to run concurrently in each cause number, which the trial court imposed. Following Davis's plea of true to eight violations of the terms of his community supervision, the trial court revoked his shock probation in cause 16-25965 and sentenced him to eight years confinement. This sentence of imprisonment fell within the plea bargain's ten-year term. We again point to Davis's concession that the trial

---

[5] The record is clear that Davis will be incarcerated for eight years for cause number 16-25965 while his ten-year community supervision continues to run in the other two causes. Once he is released from confinement plus the credit for time served, approximately one year will remain on his community supervision, during which time he must complete the modified terms of that community supervision and complete the JCDI program. The term of confinement on the revoked cause and the term of continued community supervision in the other causes do not extend beyond the ten-year term.

court "had the authority to reduce Appellant's sentence to 8 years [of] confinement." We overrule issue two.

## D. Issue Three: Imposition of Fees and Duplicate Costs as Punishment

Davis argues the additional costs and fees imposed on him following the revocation of his shock probation constitute greater punishment and thus, violate the double-jeopardy clause. Davis asserts "that a 'fee' is analogous with a 'fine.'" He further contends that he was indigent at the time the trial court imposed the fees and costs and that he remains indigent. Finally, he contends that the costs were not pronounced in open court.

Fines are different from fees and costs because fines are imposed as punishment, like incarceration, whereas fees and costs serve a remedial function by compensating the State for various costs associated with the criminal justice system. *Gipson v. State*, 428 S.W.3d 107, 109 (Tex. Crim. App. 2014). "Court costs are not part of the guilt or sentence of a criminal defendant, nor must they be proven at trial; rather, they are 'a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case.'" *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014) (quoting *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011)). Because court costs are not punitive, a trial court may assess court costs against a defendant in the written judgment even when the court's

oral pronouncement does not include an assessment of costs. *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). Although not binding precedent, we have previously held that supervision fees, court costs, or fees associated with presentence investigation reports are not part of a defendant's punishment, and the trial court is not required to orally pronounce those assessments at sentencing. *See Lee v. State*, No. 09-07-00257 CR, 2007 WL 3101905, at *2 (Tex. App.—Beaumont Oct. 24, 2007, no pet.) (mem. op., not designated for publication) (citing *Revia v. State*, No. 09-07-00068 CR, 2007 WL 2446099, at *2 (Tex. App.—Beaumont Aug. 29, 2007, no pet.) (mem. op., not designated for publication)). Court costs listed in a certified bill of costs do not have to be orally pronounced or incorporated by reference in the judgment to be effective. *Johnson*, 423 S.W.3d at 389 (citations omitted). A trial court can assess court costs against an indigent defendant. *See Allen v. State*, 426 S.W.3d 253, 258–59 (Tex. App.—Texarkana 2013, no pet.); *Owen v. State*, 352 S.W.3d 542, 546–47 (Tex. App.—Amarillo 2011, no pet.) (citing *Armstrong*, 340 S.W.3d at 766–67; *Williams v. State*, 332 S.W.3d 694, 700 (Tex. App.—Amarillo 2011, pet. denied)). In reviewing the assessment of court costs on appeal, we determine if there is a basis for the cost, not if there was sufficient evidence offered at trial to prove each cost. *Johnson*, 423 S.W.3d at 390.

The original judgment in this case assessed court costs of $329.00. The judgment revoking Davis's shock probation assessed court costs totaling $695.00 and an administrative fee in the amount of $830.00. The balance sheet and bill of costs attached to the judgment revoking Davis's probation further break down these amounts. Specifically, the balance sheet shows an initial court cost of $316.00, which appears to be the unpaid balance of the initial $329.00 cost assessment. The time to raise an issue on appeal of the initial court costs was immediately following the original imposition of community supervision, not following revocation. *See Perez v. State*, 424 S.W.3d 81, 85 (Tex. Crim. App. 2014) ("[A]n appellant will not be permitted to raise on appeal from the revocation of his community supervision any claim that he could have brought on an appeal from the original imposition of that community supervision.") (quoting *Wiley v. State*, 410 S.W.3d 313, 319 (Tex. Crim. App. 2013)).

The bill of costs also establishes that the revocation proceeding court costs totaled $379.00. This amount added together with the $316.00 from the initial court costs, reflect the total court costs of $695.00. Finally, the balance sheet reflects that the $830.00 amount is the cost of a drug diversion program. None of the amounts assessed are punitive costs such as fines, restitution, or attorney's fees, and a basis exists for the costs assessed including the costs incurred prior to the original

13

judgment and the costs associated with the revocation proceeding. *See Johnson*, 423 S.W.3d at 390. Despite Davis's contention that the trial court duplicated costs when it added items following the revocation hearing, the record does not bear this out. We overrule Davis's third issue.

**E. Issue Four: Time Credited**

In his fourth issue, Davis argues the trial court failed to properly credit his time served, particularly that the trial court failed to credit fifteen days of time served between June 27, 2017, and December 27, 2017. A trial court must give a criminal defendant credit on his sentence for time spent in jail in the cause, other than served as a condition of community supervision. Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a) (West 2018); *Taylor*, 126 S.W.3d at 204. A defendant is entitled to credit for time served in jail between his arrest on a motion to revoke and his sentencing. *See Ex parte Bates*, 978 S.W.2d 575, 577–78 (Tex. Crim. App. 1998); *Broussard v. State*, 226 S.W.3d 619, 621 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

The terms of Davis's community supervision did not require him to serve time in county jail, despite the State's assertion to the contrary. The record reveals Davis received credit for time served between September 22, 2016, and June 27, 2017. He also received credit for time served between December 27, 2017, and April 6, 2018, while he awaited revocation. *See Ex parte Bates*, 978 S.W.2d at 578. Even if we

14

agreed Davis is entitled to credit for time served on probation violations, Davis fails to specify the days during the six-month period between June 27, 2017, and December 27, 2018, that he served time in county jail, and we are unable to ascertain from the record what fifteen days he refers to. He has failed to establish that he was incarcerated between June 27, 2017, and December 27, 2017, and if so, the dates of his incarceration. Because the record does not establish that Davis was incarcerated during this period or for how long, we may not modify the judgment to reflect credit for any time Davis may have served for violating the terms of his community supervision between June 27, 2017, and December 27, 2017. *See, e.g., Broussard*, 226 S.W.3d at 621 (citing *McGregor v. State*, 145 S.W.3d 820, 822 n.1 (Tex. App.—Dallas 2004, no pet.) ("We must reform a judgment to correct what the trial court could have corrected by a judgment nunc pro tunc, where the evidence necessary to correct the judgment appears in the record.")). We overrule Davis's fourth issue.

## Conclusion

The orders modifying the terms of Davis's community supervision in cause numbers 16-25966 and 16-25967 do not constitute appealable orders. Therefore, we dismiss those appeals for lack of jurisdiction. The trial court did not impermissibly stack Davis's sentences when it revoked his probation in cause number 16-25965, its sentence does not violate the terms of the plea bargain, nor does the judgment

15

duplicate court costs. Accordingly, we affirm the judgment in cause number 16-25965.

AFFIRMED IN PART, DISMISSED IN PART.

_____
CHARLES KREGER
Justice

Submitted on September 3, 2019
Opinion Delivered October 16, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.